## Case No. 3,219.
### In re CORBETT.
[9 Ben. 274.] [1]

District Court, E. D. New York. Dec. Term, 1877.

HABEAS·CORPUS—CONSTRUCTION OF ARTICLES OF WAR.

Article 70 of the articles of war [which provides that "no officer or soldier shall be continued in confinement more than eight days, or until such time as a court-martial can be assembled"] was not intended to apply to the confinement of soldiers during trial and awaiting judgment. The article applies solely to confinement preliminary to trial.

W. F. Severance, for petitioner.
Childs & Hull, for the officer.

BENEDICT, District Judge. John J. Corbett, having made application in due form for a writ .of habeas corpus, directed to the commanding officer of the U. S. army at Fort Wadsworth for the purpose of an enquiry into the cause of the petitioner's detention in confinement by said officer, and that officer having brought the petitioner before me and certified the cause of his detention in confinement, the petitioner now excepts to the sufficiency of the return, and moves for his discharge upon the ground that the return shows no legal cause of restraint.

The facts certified in the return are as follows: The petitioner is an enlisted soldier, attached to Battery E, third artillery, U. S. army, stationed at Fort Wadsworth, of which fort the respondent is the commanding officer. On the 16th day of December, 1877, the petitioner was arrested, by direction of the respondent, charged with conduct to the prejudice of good order and military discipline, under the provisions of article of war No. 62. On the 22d day of December a general court-martial was convened, before which tribunal the petitioner was placed for trial for such offence. and his trial was then had. He is now detained in confinement by the commanding officer at the fort, awaiting the promulgation of the determination of the said court-martial upon the charge so preferred against him.

The objection to this return is, as I under-

stand it, based upon article of war No. 70, which provides that "no officer or soldier shall be continued in confinement more than eight days, or until such time as a court-martial can be assembled." The present confinement of the petitioner is supposed to be unlawful, because more than eight days have elapsed since he was placed in confinement, notwithstanding the fact that he has been. tried by a court-martial under the charge on which he was arrested, and is now held awaiting the determination of the court as to his guilt or innocence.

The foundation of this objection is a misconception of the legal effect of article of war No. 70. It seems to be supposed that by that article the period of eight days is fixed as an absolute limit to the term of confinement prior to conviction, of a soldier charged with a military offence. Such is not the effect of the article. The language used shows that this article was not intended to apply to the confinement of soldiers during trial and awaiting judgment. The words of limitation are, "eight days, or until a court-martial can be assembled." Certainly it was not intended that the assembling of a court-martial for the trial of an offender should entitle such offender to his release. On the contrary the implication is that the soldier is not to be released if a court-martial be duly assembled, and it is plain that the article was intended to apply solely to confinement preliminary to trial.

Article 70 affords therefore no ground for holding the present confinement of the petitioner to be unlawful, inasmuch as the return shows that the petitioner has been tried by court-martial, and is now held awaiting the judgment of the court. The right to confine a soldier during a trial and while awaiting sentence is conferred by article of war 66, which provides that "soldiers charged with crimes shall be confined until trial unless released by proper authority." The effect of article 66 upon confinement preliminary to trial is limited by the subsequent article No. 70. But, as before stated, article 70 has no application to confinement during a trial and pending the judgment. The right to detain in custody awaiting judgment of a court-martial is recognized elsewhere in the articles of war. Thus article 60 provides that a person dismissed the service "shall continue to be liable to be arrested and held for trial and sentence by a court-martial." Article 90 confers upon courts-martial the power to grant continuances, with the proviso, "that if the prisoner be in close confinement the trial shall not be delayed for a period longer than sixty days." Authorities on military law are to the same effect. Says De Harte (page 76): "Private soldiers continue confined until the announcement of the proceedings of the court by which they have been tried:"

But it is said no new arrest was made upon the assembling of the court-martial, and as

¹ [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the petitioner's confinement had then become unlawful, because more than eight days had then elapsed since the confinement commenced, his continued confinement is unlawful.

Whether the confinement during the time that elapsed between the expiration of the eight days and the assembling of the court-martial was lawful or not, need not now be decided, as the question here relates solely to the present confinement. The petitioner, whether lawfully or unlawfully confined prior to the assembling of the court-martial, became lawfully confined when a duly authorized court-martial took cognizance of the charge preferred against him. No new arrest was necessary, for there was to be no change of custody. When the court-martial took cognizance of the charge preferred against the petitioner, it became the duty of the commanding officer thereafter to have the accused at all times at hand to receive the judgment of the court when it should be promulgated, and to that end he was authorized by article 66 to keep him in confinement. "The custody of the prisoner's person belongs to the commanding officer as a part of his command." De Harte, Courts-Martial, p. 80.

The provisions of the articles of war above referred to being found to justify the detention of the prisoner in confinement until the decision of the court-martial in his case shall be promulgated, it becomes unnecessary to consider the other question that in the absence of these statutory provisions might be presented, whether it be competent for this court, by a writ of habeas corpus, to take from another tribunal of competent jurisdiction a prisoner on trial before such tribunal, and subject to be held or discharged as that tribunal may direct.

I speak of the court-martial as a tribunal of competent jurisdiction, because no point has here been made as to the jurisdiction of that court over the person of the petitioner, and the offence with which he stands charged.

To the intimation in the brief that the petitioner desires to be heard to contend that the acts done by him do not constitute a violation of the articles of war, the reply must be that the return sets forth a charge framed in the language of article of war No. 62. Whether the facts support this charge is a question not presented to this court by the present proceeding. The merits cannot be looked into here. Whether the petitioner be guilty or innocent of the charge preferred, must be left to be determined by the military court, to the jurisdiction of which the petitioner submitted himself when he enlisted as a soldier. In re Bogart [Case No. 1,596]; Dynes v. Hoover, 20 How. [61 U. S.] 77; Ex parte Parks, 93 U. S. 18.

My decision upon the objections made to this return, therefore, is that the objections are not well taken, and that upon the facts stated in the return the petitioner must be remanded to the custody whence he was taken by the writ.

If, as suggested on the hearing, the petitioner shall desire to deny the facts stated in the return he may do so, and a time will then be fixed for taking proof as to such disputed facts. If no such denial be made the writ will be discharged, and the prisoner remanded.